THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA HAMILTON, individually and on behalf of her marital community,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, a federal government entity; ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,<br><br>　　　　　　　　Defendants. | CASE NO. C19-5948-JCC<br><br>ORDER |

　　　　This matter comes before the Court on Plaintiff's motion for relief from deadlines (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.　　BACKGROUND

　　　　Plaintiff Linda Hamilton, on behalf of herself and her marital community, brings claims against the United States Department of Veterans Affairs and Robert Wilkie, Secretary of Veterans Affairs ("Defendants"), under the Rehabilitation Act of 1973 for disability discrimination, retaliation, and hostile work environment. (*See generally* Dkt. No. 27.) Plaintiff filed her original complaint in October 2019 (Dkt. No. 1), an amended complaint in December 2019 (Dkt. No. 11), and, by stipulation of the parties (Dkt. No. 24), a second amended complaint

in May 2020 (Dkt. No. 27). In April 2020, the Court issued a scheduling order setting January 25, 2021 as the discovery deadline and May 24, 2021 as the trial date. (Dkt. No. 23.)

To date, Defendants have served Plaintiff with two sets of interrogatories and requests for production and have received Plaintiff's responses, Defendants have sought and obtained medical and personnel records from third parties, Plaintiff has served Defendants with her first set of interrogatories and requests for production, and the parties have exchanged initial disclosures. (Dkt Nos. 32 at 1–2, 35 at 2.) Defendants have deposed Plaintiff and scheduled the deposition of Plaintiff's treating provider for December. (Dkt. No. 32 at 3, 35 at 2.) The parties are working together to schedule additional depositions. Plaintiff now moves for a 90-day extension of the discovery deadline, trial date, and other pretrial deadlines. (Dkt. No. 30.)

## II.     DISCUSSION

Case schedules may be modified for "good cause." Fed. R. Civ. P. 16(b)(4); Local Civ. R. 16(b)(4). Good cause may be found where the pretrial schedule "cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Whether to grant or deny a trial continuance is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862–63 (9th Cir. 1985). When considering the propriety of a continuance, a court should consider (1) the diligence in preparing for trial of the party seeking a continuance; (2) the need for a continuance; (3) the inconvenience to the opposing party, the witnesses, and the Court; and (4) the hardship a denial of a continuance would cause the defendant. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986).

Plaintiff requests a 90-day continuance and extension of case management deadlines, citing the disruption and logistical challenges posed by the COVID-19 pandemic and the need to complete ongoing discovery. (*See generally* Dkt. No. 30.) The parties have been working cooperatively but still need to schedule over ten depositions—including the depositions of a person who is out on medical leave and two people who are out of the country—by the end of

January, during a period that includes the holidays and Plaintiff's counsel's preparation for trial in another matter that has been continued to January 25, 2021. (Dkt. Nos. 32 at 2–4.) Defendants oppose Plaintiff's request, arguing that the parties can likely schedule all the depositions before the current discovery cutoff and can stipulate to proposed dates beyond the deadline if necessary. (Dkt. No. 34 at 1–2.) Defendants contend there is no good cause because Plaintiff did not file her first set of interrogatories and requests for production until a year after initially filing suit, and Defendants will be prejudiced by having to potentially respond to additional discovery requests. (*Id.* at 2–3.)

Having considered the relevant factors, the Court finds good cause to modify the case schedule and continue trial. While Plaintiff did not serve discovery requests or notice depositions until six months after the Court issued its scheduling order, Plaintiff explains that delays were caused by the disruption and logistical challenges posed by the pandemic. Under these circumstances, the Court does not perceive a lack of reasonable diligence by Plaintiff in preparing for trial. Furthermore, the Court does not find that an extension or continuance of approximately 70 days would prejudice Defendants.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Dkt. No 30) in part. Trial in this matter is CONTINUED to August 2, 2021 at 9:30 a.m. The proposed pretrial order is due by July 23, 2021. The deadline for filing dispositive motions is May 4, 2021. The discovery cutoff is April 5, 2021.

DATED this 7th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE