THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA HAMILTON, individually and on behalf of her marital community,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, a federal government entity; DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,[1]<br><br>Defendants. | CASE NO. C19-5948-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Linda Hamilton's motion for relief from the discovery deadline (Dkt. No. 39). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.   **BACKGROUND**

Plaintiff Linda Hamilton brings claims against the United States Department of Veterans Affairs ("VA") and Denis McDonough, Secretary of Veterans Affairs ("Defendants"), under the Rehabilitation Act of 1973 for disability discrimination, retaliation, and hostile work

---

[1] Denis McDonough is substituted for his predecessor, Robert Wilkie, as Secretary of Veterans Affairs. *See* Fed. R. Civ. P. 25(d).

environment. (*See generally* Dkt. No. 27.) Ms. Hamilton worked at the VA for ten years. (*Id.* at 5.) She alleges when Mark Almond became her supervisor in November of 2017, he repeatedly made her commute to Seattle for no reason and then changed her duty station from Lakewood to Seattle, despite her impairments that limit her ability to drive and sit. (*Id.* at 6–7.) She also alleges that Mr. Almond gave preferential treatment to an administrative assistant, Virginia Guillory, and that ongoing behavior between Mr. Almond and Ms. Guillory created a hostile work environment. (*Id.* at 8–10.) Ms. Hamilton alleges that Mr. Almond retaliated against her after she filed grievances with her union and the human resources department, and she ultimately resigned because of the alleged mistreatment. (*Id.* at 10–13.) The parties' current motions deadline is January 4, 2021, and the discovery deadline is April 5, 2021. (Dkt. Nos. 23, 38.)

Ms. Hamilton moves for a continuance of the discovery deadline because, despite diligent efforts, she has been unable to schedule depositions of Mr. Almond or Ms. Guillory. (*See generally* Dkt. No. 39.)[2] Neither Mr. Almond nor Ms. Guillory are represented by counsel for Defendants. In February 2021, Ms. Hamilton served Mr. Almond with a subpoena directing him to appear for a deposition on March 16, 2021. (Dkt. No. 40-2.) He told Ms. Hamilton's counsel the day before his deposition that he wanted to postpone until he could obtain counsel. (Dkt. No. 40 at 2, 40-4.) Ms. Hamilton also tried to schedule Ms. Guillory's deposition in the fall, but Ms. Guillory represented that she was not available due to medical problems. (Dkt. No. 39 at 5.) On February 25, 2021, Ms. Hamilton's counsel received a note from Ms. Guillory's doctor stating that she continued to be unavailable for a deposition, with no further information regarding Ms. Guillory's future availability or the possibility of accommodations. (Dkt. No. 40-9.) Ms. Hamilton has not subpoenaed Ms. Guillory.

Ms. Hamilton now asks the Court to (1) continue the discovery deadline for 15 days to

---

[2] The parties were also unable to schedule Plaintiff's deposition of Dr. Simon Kim, Associate Director of the VA Puget Sound Health Care System, by the current discovery deadline. (Dkt. No. 39 at 3.) Dr. Kim's deposition is scheduled for April 6, 2021. (*Id.*)

ORDER
C19-5948-JCC
PAGE - 2

April 20, 2021 to allow her to depose Mr. Almond and Ms. Guillory, (2) grant her leave to move to compel Mr. Almond's or Ms. Guillory's depositions prior to April 20, 2021 if they fail to appear, and (3) ask Ms. Guillory to provide the Court with information about her medical condition so that the Court can conduct an in-camera review and determine for the parties when Ms. Guillory will be available for deposition and under what parameters it can proceed. (Dkt. No. 39 at 8.) Defendants agree that Ms. Hamilton has diligently sought these depositions and do not oppose her requests for an extension of the discovery deadline or leave to file motions to compel. (Dkt. No. 42 at 1–2.) Defendants do, however, oppose Ms. Hamilton's request that the Court compel Ms. Guillory to provide medical records for in-camera review because Ms. Hamilton offers no legal authority showing that the Court can order a person who is not a party and who has not been subpoenaed to submit documents to the Court. (*Id.* at 2.)

## II.   DISCUSSION

The Court may modify a case schedule for "good cause." Fed. R. Civ. P. 16(b)(4); W.D. Wash. Local Civ. R. 16(b)(6). A party may establish good cause if the pretrial schedule "cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court finds good cause to extend the discovery deadline to April 20, 2021 to allow Ms. Hamilton to depose Mr. Almond, Ms. Guillory, and Dr. Kim. Given Mr. Almond's desire to obtain counsel, Ms. Guillory's representations that she has been unavailable due to medical problems, and the scheduling issues involved in setting Dr. Kim's deposition, Ms. Hamilton cannot reasonably complete these depositions by April 5th. The Court also finds good cause to grant Ms. Hamilton leave to file motions to compel the depositions of these witnesses should that be necessary. Accordingly, the Court GRANTS in part Ms. Hamilton's motion.

The Court DENIES Ms. Hamilton's request that the Court order Ms. Guillory to produce medical records for an in-camera review of Ms. Guillory's excuse for being unavailable. A party can compel a non-party's attendance at a deposition only by subpoena. *Jules Jordan Video, Inc.*

*v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); *see* Fed. R. Civ. P. 45. If a non-party fails to comply with a deposition subpoena, the party that issued the subpoena may seek an order to show cause why the nonparty should not be held in contempt. Fed R. Civ. P. 45(g). The non-party will not be held in contempt if she shows compliance was not possible. *Federal Trade Comm'n v. Affordable Media*, 179 F.3d 1228, 1299 (9th Cir. 1999). Ms. Hamilton has not subpoenaed Ms. Guillory, and she does not identify any authority showing the Court can require Ms. Guillory to essentially show cause prior to being served and failing to comply with a subpoena. Accordingly, this request is denied.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion (Dkt. No 39) and ORDERS:

1. The discovery deadline is extended to April 20, 2021 for the limited purpose of allowing Plaintiff to depose Mr. Almond, Ms. Guillory, and Dr. Kim.
2. Plaintiff may move to compel the depositions of Mr. Almond and Ms. Guillory by April 20, 2021 should these witnesses not make themselves available.

DATED this 6th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE